## KIDD *v.* GREENWICH INS. CO.

*(Circuit Court, S. D. New York.   June 21, 1888.)*

INSURANCE—CONDITIONS OF POLICY.

A condition in an open policy of insurance on the excess of value above $20 per barrel of spirits to be forwarded by carrier, that the assured, upon payment of loss thereunder, should assign all his claim against the carrier, and that any act of the assured, waiving or tending to defeat or decrease any such claim before or after the insurance should avoid the policy is not broken by the shipment of 75 barrels of spirits covered by the policy, of the actual value of $7,308 at a stipulated valuation with the carrier of $20 per barrel, as the condition provides only that an existing liability of the carrier when perfected, shall not be waived or diminished by the assured, but not that he should perfect such liability.

At Law.   On motion for new trial.

Action by John S. Kidd against the Greenwich Insurance Company, on an open policy of insurance.

*Hamilton Wallis*, for plaintiff.

*Osborn E. Bright*, for defendant.

WHEELER, J.   This is an action upon an open policy of insurance of $5,000 upon the excess of value above $20 per barrel of spirits to be forwarded by carrier from Des Moines, Iowa, $150 to be deducted in all cases in lieu of average, the assured, by accepting payment, assigning and transferring to the insurer all claim against the carrier or others for loss to the extent of the amount paid, and any act of the assured, waiving or tending to defeat or decrease any such claim, whether before or after the insurance, to be a cancellation of the policy.   Seventy-five barrels of spirits covered by the policy, of the value of $7,308, were forwarded by the Star Union Line at a stipulated valuation of $20, and, in case of legal liability for loss, the company having custody at the time alone to be held responsible.   The contents of 62, and a part of the contents of the other 13 of the barrels were totally lost by fire and the wrecking of the car containing them at Englewood, Ill., while in the custody of the Chicago, Rock Island & Pacific Railway Company, one of the companies of that line.   That company paid the plaintiff $1,370.24 for that loss, at $20 per barrel.   On the trial a verdict for the plaintiff for $5,321.25, the amount of the policy less the $150 in lieu of average, with interest, was directed.   The cause has now been heard on motion of the defendant for a new trial.

The defendant does not claim that the amount received from the railway company, or any part of it, should be deducted from the amount of the policy; but only that the restriction of liability by the stipulation of valuation and receipt of damages for the loss under it have canceled the defendant's liability.   If the claim referred to in the policy means the whole liability of the carrier which would arise out of the undertaking to carry, this point would appear to be well taken, for the assured did decrease that by the stipulation of a value for the purposes of the carriage much less than the true value.   This provision in the policy is not, however, that all liability of the carrier which might arise shall be insisted upon and created and not diminished from what it would be without special contract, but that the claim against the carrier, as it actually exists in favor of the assured, shall not be waived or diminished, and shall inure to the benefit of the insurer.   The policy does not provide that any liability of the carrier shall be perfected, but that, if one is perfected, it shall remain for the benefit of the insurer.   That provision has not been broken by the assured.   This clause of the policy is understood to be merely the expression of the right that the insurer would have by the common law to the remedies of the insured, against others, for the property, on payment of a total loss.   These are the remedies as they actually exist in favor of the assured, and subject to all lawful limitations upon them when created.   *Insurance Co.* v. *Transportation Co.*,

117 U. S. 312, 6 Sup. Ct. Rep. 1176. A limitation of value in a contract for carriage appears to be lawful. *Hart* v. *Railroad Co.*, 112 U. S. 331, 5 Sup. Ct. Rep. 151. The plaintiff does not appear to have done anything which was to avoid the policy if done, nor to have deprived the defendant of any right which the policy conferred to affect its validity. Motion denied.